William S. MILLER, III, Joanne T. Miller, David H. Miller, Ann M. Snoddy, and W.S. Miller and Sons, Inc., Plaintiffs,

v.

Steven D. KELLY, and Legg Mason Wood Walker, Inc., Defendants.

Civ. A. No. 1:CV–90–1848.

United States District Court, M.D. Pennsylvania.

March 20, 1991.

Jeffrey F. Smith, Keefer Wood Allen & Rahal, Harrisburg, Pa., for plaintiffs.

Diane M. Tokarsky, McNees Wallace & Nurick, Harrisburg, Pa., Andrew J. Bowden, Sherry H. Flax, Weinberg & Green, Baltimore, Md., for defendants.

## ORDER

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant, Legg Mason Wood Walker, Inc. (Legg Mason), has filed a motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiffs, William S. Miller III, Joanne T. Miller, David H. Miller, Ann M. Snoddy and W.S. Miller And Sons, Inc., filed this lawsuit against Legg Mason, a stock brokerage, and the other defendant, Steven D. Kelly, a former broker for Legg Mason, on October 19, 1990, alleging that the defendants had churned their accounts and had purchased investments inappropriate to the plaintiffs' stated desire for conservative investments which would produce either growth and income, or simply income.

This case is related to *Denison v. Kelly*, 759 F.Supp. 199 (M.D.Pa. 1991), in that Kelly and Legg Mason are also the defendants in the *Denison* case and are charged with having committed the same violations there. Legg Mason filed a motion to dismiss in the *Denison* action which raised the same issues presented by its motion to dismiss here and we issued a memorandum in *Denison* dealing extensively with those issues. Hence, we need not go into detail in disposing of the motion in the instant action. Based upon our memorandum in *Denison*, we rule as follows.

AND NOW, this 20th day of March, 1991, upon consideration of Legg Mason's motion to dismiss, it is ordered that:

1. Count XII of the complaint, the RICO claim, is dismissed as against Legg Mason without leave to amend, for failure to allege that Legg Mason participated as a principal in a pattern of racketeering activity or that plaintiffs suffered an injury resulting from the use or investment of income derived from a pat-

tern of racketeering activity in an enterprise affecting interstate commerce.

2. Count X, the conspiracy claim, is dismissed as against Legg Mason, without leave to amend, because a corporation cannot be found to have conspired with a corporate agent acting solely in his corporate capacity.

3. The motion to dismiss Counts I, II and III, the federal and state statutory securities claims, for failure to plead fraudulent concealment with sufficient specificity is granted for conduct occurring prior to October 19, 1989, except that plaintiffs are hereby given leave to file a second amended complaint by April 10, 1991, which cures the deficiencies in paragraph 35 of the amended complaint by specifying all of the "ongoing series of representations, omissions, obfuscations and other conduct" which prevented them from finding out what was really happening in their accounts. The plaintiffs should set forth how often these events happened, when they happened, and the circumstances under which the communications were made to the plaintiffs, including who initiated the contact leading to the communications and whether they were written or oral. The substance of the communications should also be specified.

4. Counts V, VI, VII and IX, claims for breach of fiduciary duty, negligence, conversion, and common law fraud, respectively, are dismissed for conduct occurring prior to October 19, 1988, except that these claims may be reinstated in any amended complaint filed in compliance with paragraph 3 of this order.

5. The motion to dismiss Count I, the 10b-5 claim, is granted to the extent the claim is based upon conduct that occurred prior to October 19, 1987.

6. In all other respects, Legg Mason's motion to dismiss is denied.